UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY D. PEOPLES,<br><br>  Petitioner,<br><br>    v.<br><br>SPEARMAN,<br><br>  Respondent. | NO. CV 17-1289-SVW (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (SUCCESSIVE PETITION) |

On February 9, 2017, Petitioner, a state inmate, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the Eastern District of California. That court transferred the action to this district, for he challenges a Los Angeles County conviction. Specifically, Petitioner challenges his 2009 conviction of robbery and other crimes, resulting in a 15 year prison sentence in 2010. Because he previously challenged the same underlying state-court judgment here in a habeas action that the Court dismissed with prejudice, and because he lacks Ninth Circuit authorization for another such challenge, the Court lacks jurisdiction over the new petition.

# I.

# **PROCEDURAL BACKGROUND**

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus action in the Central District, as well as the records of the state trial and appellate courts and the United States Supreme Court.

On October 1, 2009, a Los Angeles County Superior Court jury convicted Petitioner of robbery and other crimes. On July 17, 2010, he was sentenced to prison for 15 years. (Petition at 2.)[1]

On June 12, 2012, the California Court of Appeal affirmed the judgment as modified to reflect a fee and assessment. *People v. Peoples*, No. B226204, 2012 Cal. App. Unpub. LEXIS 4360, *14 (2012). The California Supreme Court denied the petition for review on August 22, 2012. *People v. Peoples*, 2012 Cal. LEXIS 8161 (2012).

On February 4, 2014, Petitioner filed a habeas petition in Los Angeles County Superior Court, which denied relief by order dated March 10, 2014. (Petition in *Peoples v. Warden*, No. CV 16-2123-SVW (AGR) ("*Peoples I*") at 3-4, 15.) On or about March 30, 2015, Petitioner filed a second habeas petition in that court, which denied the petition by order filed on April 7, 2015. (Petition in *Peoples I* at 16-17.)

On August 4, 2015, Petitioner filed a habeas petition in the California Court of Appeal, which summarily denied relief on August 12, 2015. *In re Peoples*, Case No. B265871, *available at* http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2116436&doc_no=B265871. On September 21, 2015, Petitioner filed a habeas petition in the California Supreme Court, which denied relief on

---

[1] Page citations to the Petition and Response are to the page numbers assigned by CM/ECF in the header.

December 16, 2015. *See In re Peoples*, Case No. S229420, *available at* http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2120781&doc_no=S229420.

On February 14, 2016, Petitioner constructively filed a habeas petition in this court in *Peoples I*.[2] On November 22, 2016, the Court accepted the Magistrate Judge's recommendation and entered Judgment dismissing *Peoples I* with prejudice as untimely.

## II.

## DISCUSSION

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Here, the Petition is a second or successive petition challenging the same conviction and sentence imposed by the same judgment of the state court as in *Peoples I*. *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) ("We hold that the dismissal of a habeas petition as untimely constitutes a disposition on the

---

[2] The court uses the date indicated for Petitioner's signature on the petition as the constructive filing date. (Petition at 8.)

merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)."), *followed by Brandon v. Los Angeles County Sup. Ct.*, No. 15-2187-CAS, 2015 WL 1541567, *3 (C.D. Cal. April 2, 2015) (same).

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

### III.
### ORDER

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction.

DATED: March 16, 2017

STEPHEN V. WILSON
United States District Judge